LAWRENCE McDONOUGH, Respondent, v. CORNELIUS F. QUINN, Appellant.

First Department, January 13, 1922.

Trial — parties may disregard pleadings and try cause on another theory — plaintiff cannot prove cause not pleaded if defendant objects.

Parties may, by agreement, disregard the pleadings and try the cause upon any theory they desire, but when the defendant objects and insists that the cause of action alleged in the pleading must be proved, the plaintiff should not be allowed to give evidence of a different cause of action, and cannot recover on the new cause of action.

APPEAL by the defendant, Cornelius F. Quinn, from a judgment of the County Court of Bronx county in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on or about the 20th day of May, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Walter H. Thacher* of counsel, for the appellant.

*Charles E. Rudolph, Jr.* [*Thomas G. Price* of counsel], for the respondent.

PER CURIAM:

On the trial the first cause of action, as alleged in the complaint, was disregarded, and the trial proceeded without objection on the theory that the plaintiff was employed at a wage of $75 per week. The judge charged the jury that the plaintiff could only recover if the agreement was made to pay that compensation, and that their verdict on the first cause of action must be for the plaintiff for the sum of $750 or for the defendant. No exception was taken to this charge.

The plaintiff also was allowed to prove over the objection and exception of the defendant an entirely different cause of action from that alleged in the second cause of action set forth in the complaint. The defendant's counsel moved to dismiss the second cause of action at the close of the plaintiff's case, and renewed the motion at the close of the case, and also specifically excepted to the submission of the second cause of action to the jury under the charge of the court that if they found for the plaintiff, their verdict should be for $750 and such further sum as they found the plaintiff to be entitled to as damages upon the second cause of action. The jury returned a verdict for the plaintiff for $1,000.

Parties may, by agreement, disregard the pleadings and try the cause upon any theory they desire. But when the defendant objects and insists that the cause of action alleged in the pleading must be proved, the plaintiff should not be allowed to give evidence of a different cause of action, and

cannot recover on the new cause of action. The second cause of action should have been dismissed.

The judgment will be modified by dismissing the complaint as to the second cause of action and reducing the judgment as entered to the sum of $750, without costs to either party, and as modified affirmed, with costs to the appellant of this appeal.

Present — CLARKE, P. J., LAUGHLIN, DOWLING, SMITH and PAGE, JJ.

Judgment modified by dismissing complaint as to second cause of action and reducing the judgment as entered to the sum of $750, without costs, and as so modified affirmed, with costs to appellant of this appeal.